Brenna K. Legaard, OSB# 001658
blegaard@schwabe.com
SCHWABE WILLIAMSON & WYATT
PacWest Center
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981

Attorneys For MOBILE TECH, INC.

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **INVUE SECURITY PRODUCTS INC.,** | Civil Case No. 3:19-cv-00407-SI |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| **MOBILE TECH, INC.** | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

## LR 7-1 COMPLIANCE

Pursuant to Local Rule 7-1(a), the undersigned counsel for Defendant made a good-faith effort to confer with Plaintiff's counsel by telephone to resolve this dispute. The parties were unable to reach a resolution of the matter.

## MOTION

Defendant Mobile Tech, Inc. ("MTI") moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff InVue Security Products Inc.'s ("InVue") First Amended Complaint. *See* ECF No. 21. Specifically, InVue has failed to state a claim for direct patent infringement, willfulness-based enhanced damages under 35 U.S.C. § 284, or indirect patent infringement upon which relief can be granted.

## MEMORANDUM

### I.    INTRODUCTION

MTI filed a motion to dismiss Plaintiff's original complaint in this action because it failed to plausibly plead direct and indirect patent infringement. *See* ECF No. 7. In response, InVue filed a First Amended Complaint ("Amended Complaint"). *See* ECF No. 21. While the Court ruled that this mooted MTI's motion, InVue's Amended Complaint only partially addressed the defects raised in MTI's motion with respect to direct patent infringement, and virtually ignores MTI's arguments regarding indirect patent infringement. *See* Ex. A (redline between InVue's original and amended complaints). Thus MTI re-raises both arguments in this renewed motion. Moreover, the Amended Complaint implausibly and defectively asserts, for the first time, willfulness-based enhanced damages under 35 U.S.C. § 284, which requires egregiousness or similar conduct. As such, MTI also moves to dismiss the pleadings as to willfulness-based enhanced damages under 35 U.S.C. § 284.

## II.    STATEMENT OF THE FACTS

InVue filed a First Amended Complaint against MTI for patent infringement on May 8, 2019. *See* ECF No. 21 ("Am. Compl."). Throughout the Amended Complaint, Plaintiff alleges direct patent infringement of U.S. Patent Nos. 9,830,787 and 10,055,954 ("the patents-in-suit"). *See* Am. Compl. ¶¶ 24-32, 66-74 (Counts 1 and 4, respectively). Plaintiff also alleges that MTI indirectly infringes the patents-in-suit via contributory and induced infringement. *See id.* ¶¶ 33-65, 75-107 (Counts 2-3 and 5-6, respectively). Plaintiff further alleges that MTI's conduct was willful (*see id.* ¶¶ 32, 49, 65, 74, 91, 107; Counts 1-6, respectively) and requests enhanced or treble damages for wilful infringement (*id.*, Request for Relief ¶ D).

As set forth below, these allegations do not meet the pleading standard of *Iqbal* and *Twombly. See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Accordingly, the Court should dismiss Plaintiff's Amended Complaint, including its claims of direct infringement, indirect infringement, and willful infringement, and its request for enhanced damages.

## III.    STATEMENT OF THE LAW

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's Amended Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). Put another way, a complaint must contain "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory," and those "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 562 (citations omitted; emphasis in original).

When allegations are no more than conclusions, they are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). And "allegations in a complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Adidas Am., Inc. v. Skechers USA, Inc*., 2017 WL 2543811, at *1 (D. Or. June 12, 2017) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Moreover "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Boehm v. Future Tech Today, Inc.*, 2015 WL 2401423, at *2 (D. Or. May 19, 2015) (quoting *Twombly,* 550 U.S. at 555).

Enhanced damages for patent infringement under § 284 are "designed as a 'punitive' or 'vindictive sanction[s],'" and such sanctions are "generally reserved for egregious cases of culpable behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932 (2016). Thus, to make out a claim for willful infringement, the complaint must at least plead facts which would constitute egregious conduct, which requires (but is not satisfied by) knowledge of the patent. Merely reciting the required elements of willful infringement is not sufficient under *Twombly* and *Iqbal*. *See*, *e.g.*, *Adidas Am., Inc. v. Skechers USA, Inc.*, 2017 WL 2543811, at *4 (D. Or. June 12, 2017).

For indirect infringement (contributory or inducement), among other requirements, the complaint must plausibly allege "knowledge of the existence of the patent that is infringed." *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013) (quoting *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011)). Mere statements of "information and belief" consisting of "nothing more than a bare assertion…do not comply with Rule 8, under the

standards enunciated in *Twombly* and *Iqbal*." *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (internal quotation marks and citations omitted).

## IV.    ARGUMENT

### A.    InVue Failed to Properly Plead a Claim of Direct Patent Infringement (Counts 1 and 4)

Direct infringement pleadings "must be plausible under *Iqbal*, and 'contain factual allegations that the accused product practices every element of at least one exemplary claim.'…'[F]ailure to meet a single limitation is sufficient to negate infringement of [a] claim.'" *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1116 (N.D. Cal. 2018) (collecting cases) (citations omitted). "In order to state a claim for direct infringement, a patent complaint 'must identify the specific products accused.'" *Id.* (citation omitted).

Although InVue has amended its pleadings, these amendments do not clarify the issue of which products are being accused of infringing the patents-in-suit, as raised in MTI's original motion to dismiss. InVue pleads that "[t]he 'Freedom Micro', 'Round Freedom Micro', 'Freedom Micro DI' and such other security devices that function in a similar manner" are "Accused Products." Am. Compl., ¶ 16. And it then identifies the different elements required by the patent claims in figures on page 5 of the Amended Complaint, including the figure below, which identifies the alleged "reel" of the claims.



FIG. 2                    FIG. 3

But InVue then contradicts itself by alleging that "[a]n exemplar of **another** of the **Accused Products**, MTI's Air Tether, is shown in FIGS. 6 and 7 below." Am. Compl., ¶ 20 (emphases added). As is clearly evident from Figures 6 and 7 in the Amended Complaint (reproduced below), the product shown in Figures 6 and 7 does not have the "housing" required by the independent claim 1 of each of the patents-in-suit, and InVue has also not alleged it has such a housing. Thus, the "MTI Air Tether" certainly cannot be reasonably viewed to "function in a similar manner" as the three other identified products. *See id*., ¶¶ 16 and 20; *see also id*., ¶¶ 27 and 69 (InVue contradictorily pleading that the "Accused Products" must all include "a housing" that "includes an electrical coupling" and that "the reel can be inserted and removed



FIG. 6                    FIG. 7

from the housing"). Indeed, as is obvious from comparing Figures 2, 6, and 7 of the Amended Complaint, MTI's AirTether is just a portion of the Freedom Micro products, which are asserted to be "Accused Products."

It is unclear whether InVue alleges that MTI's AirTether infringes the claims by itself, or whether it is the entirety of the Freedom Micro products that allegedly infringe. On its face, the Amended Complaint has failed to allege the required facts for direct infringement sufficient to put MTI on notice of which products are being accused. For this reason, the Amended Complaint should be dismissed.

### B.     InVue's Willfulness-Based Claims for Enhanced Damages under 35 U.S.C § 284 Fail (Counts 1-6)

The Supreme Court in *Halo* made clear that "enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case…." 136 S. Ct. at 1932. The types of conduct that would rise to the level "warranting enhanced damages [have] been variously described…as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. And "damages are generally reserved for egregious cases of culpable behavior." *Id*.

In addition, as the District of Oregon recently held for a claim of willful patent infringement:

> **Knowledge** of the patent by the alleged infringer is a prerequisite to proving infringement and, thus, a **prerequisite to proving willful infringement**. *Gustafson*, 897 F.2d at 510–11 ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."); *accord WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (reaffirming that, following *Halo*, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages").

*Adidas Am.*, 2017 WL 2543811, at *3 (emphases added); *see also Hypermedia Navigation LLC v. Google LLC*, 2019 WL 1455336, at *4 (N.D. Cal. Apr. 2, 2019) (noting that for enhanced damages under § 284 both "egregious conduct" and "pre-suit knowledge" must be "adequately ple[d]").

Here, InVue has **neither** sufficiently pled egregious/willful conduct on the part of MTI, **nor** has it adequately pled pre-suit knowledge of the patents-in-suit by MTI.[1] InVue appears to have based its pleadings on the no-longer-applicable *Seagate* test, which was overruled by the Supreme Court in *Halo*. InVue even uses the exact same inapplicable *Seagate* language throughout all Counts 1-6. *See* Am. Compl., ¶¶ 32, 49, 65, 74, 91, and 107.

The instant case is analogous to *CG Technology*, where the Court granted the defendant's motion to dismiss the willful infringement claim, saying that, following the *Halo* ruling, the plaintiffs had failed to plead that claim "because they fail[ed] to allege any facts suggesting that [d]efendant's conduct is 'egregious ... beyond typical infringement.'" *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016) (citations omitted).[2] In *CG Technology*, Plaintiffs "simply state conclusory allegations that Defendant 'was made aware of the ... patents [and] ... [its] continued use of its infringing products constitutes willful and blatant infringement,' and that 'Defendant has acted and is continuing to act in the face of an objectively high likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood,'" *CG Tech.,* 2016 WL 4521682, at *14 (citations omitted). However, the *CG Technology* Court noted that, as "Justice Breyer stated, alleging that Defendant only knew about the patent is insufficient to constitute willful infringement. Furthermore, although Plaintiffs

---

[1] InVue's failure to plausibly plead pre-suit knowledge of the patents-in-suit is explained in further detail in Section C below regarding indirect infringement.

[2] *See also Hypermedia Navigation*, 2019 WL 1455336, at *4 (granting Defendant's motion to dismiss willfulness-based claims for § 284 enhanced damages, finding "the complaint fail[ed] to plead egregious conduct" because "[n]othing in the complaint provide[d] specific factual allegations about [Defendant's] subjective intent or details about the nature of [its] conduct to render a claim of willfulness plausible, and **not merely possible**") (emphasis added); *Finjan, Inc. v. SonicWall, Inc.*, 2018 WL 2234370, at *2 (N.D. Cal. May 16, 2018) ("[T]he complaint must plead some factual allegations to support egregious behavior **other than mere knowledge** of the asserted patents to survive a motion to dismiss.") (emphasis added).

allege that Defendant acted with reckless disregard of a high likelihood that its actions constitute infringement, invoking the requirements of *Seagate*, they allege no facts to support their legal theory." *Id*.

InVue has made this exact type of deficient pleading regarding enhanced damages under § 284. InVue merely offers the exact same conclusory language six separate times, without anything more, alleging MTI's conduct constitutes willful infringement "because such continues despite an objectively high likelihood that MTI's conduct infringes valid claims of the [relevant] patent, and this likelihood is either known to MTI or so obvious that MTI should have known that its conduct infringed valid claims of the [relevant] patent." Am. Compl., ¶¶ 32, 49, 65, 74, 91, and 107. Absent any specific factual allegations regarding egregiousness/willfulness or pre-suit knowledge of the patents-in-suit, such conclusory attorney argument, merely parroting the willfulness standard, is insufficient under *Halo* and its progeny in view of the pleading requirements of *Iqbal* and *Twombly*. As such, both InVue's pre-suit and post-suit enhanced damages claims under § 284 should be dismissed for all Counts 1-6.

### C.    InVue's Claims of Indirect Infringement Fail (Counts 2, 3, 5 and 6).

Because InVue's allegations of direct infringement fail, its claims of indirect infringement must necessarily be dismissed for the same reasons. *See RF Del., Inc. v. Pac. Keystone Techs., Inc.,* 326 F.3d 1255, 1268 (Fed. Cir. 2003) ("further proceedings on indirectly infringing acts are not needed if the court finds no direct infringement…"). "Claims for indirect infringement cannot exist in the absence of direct infringement." *Lyons v. Nike, Inc.*, 874 F. Supp. 2d 986, 991 (D. Or. 2012) (citations omitted). But even if the direct infringement claims survive, the indirect infringement claims should still be dismissed.

Indirect infringement "requires knowledge of [**both**] the patent in suit **and** knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc*., 135 S. Ct. 1920, 1926 (2015) (citing

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)) (emphasis added).

Hence, InVue is required to plead facts sufficient to plausibly indicate that the "defendant

possessed the requisite knowledge or intent to be held vicariously liable" *Lyons*, 874 F. Supp. 2d

at 991 (quoting *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir.

2004)).

      Here, with respect to the indirect infringement counts, InVue has not plausibly pled

MTI's knowledge of the patents-in-suit prior to the filing of the original Complaint.

Additionally, given its failure to properly plead direct infringement, InVue has not plausibly pled

knowledge of actual infringement before or after the original or Amended Complaints.[3] In fact, it

is not even clear whether InVue is alleging pre-suit indirect infringement, post-suit indirect

infringement, or both. Despite the unclear allegations by InVue, the filing of a complaint is only

"sufficient to provide [the required] knowledge of the patents-in-suit for purposes of stating a

claim for indirect infringement occurring **after the filing date**." *Realtime Adaptive Streaming*

*LLC v. Netflix, Inc.,* 2018 WL 6521978, at *17 (D. Del. Dec. 12, 2018) (collecting cases)

(citations omitted) (emphasis added), *report and recommendation adopted sub nom. Realtime*

*Adaptive Streaming LLC v. Netflix, Inc.*, 2018 WL 5886172 (D. Del. Nov. 9, 2018).

      InVue pleads repeatedly that "[u]pon information and belief, before the filing of InVue's

original Complaint in this action on March 18, 2019, MTI … became aware of the '787 patent"

and "the '954 patent." Am. Compl., ¶¶ 37, 54, 79, and 96. Yet, InVue has not pled any specific

facts to plausibly support this other than to repeatedly state, without support, that "[u]pon

information and belief, due to numerous pending litigations between the parties related to retail

---

[3] MTI denies any knowledge of infringement of the patents-in-suit. Indeed, there has been no
infringement, which MTI herein denies and will deny in its answer.

security systems and their competitive relationship, at times including on or after December 15, 2015, MTI has monitored or otherwise made itself aware of InVue's patents and of one or more patent applications filed by InVue at the United States Patent and Trademark Office." *Id.* ¶ 36 (attorney argument repeated at *id*. ¶¶ 53, 78, and 95). That is, InVue is simply guessing or speculating that MTI had knowledge of the patent.

Numerous district courts have dismissed complaints with similarly deficient allegations. For example, the Northern District of California analyzed multiple cases with similar allegations in *Radware, Ltd. v. A10 Networks, Inc.*, 2013 WL 5373305, at \*3 (N.D. Cal. Sept. 24, 2013). There, the court found it insufficient "that direct competition, even in this relatively small field, is enough to allege *actual* knowledge of the patent-in-suit and infringement thereof. It cannot be plausibly inferred from competition alone that [the defendant] would have been monitoring [the plaintiff's] patent applications." *Id.* (emphasis in original). In *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533-34 (D. Del. 2011), the district court held that companies are not presumed to have knowledge of their competitors' patent portfolios because of the "rapidly changing nature of technologically-based markets." And similarly, the Northern District of Indiana has found it insufficient to allege knowledge of a patent simply because "the companies were competitors and [the defendant] actively monitored intellectual property in the … industry" at issue. *Lippert Components Mfg., Inc. v. MOR/ryde Inc.*, 2018 WL 345767, at \*2 (N.D. Ind. Jan. 10, 2018).

InVue's allegations of indirect infringement in Counts 2-3 and 5-6 should be dismissed. InVue has not plausibly pled any specific facts that would demonstrate MTI had pre-suit knowledge of the patents-in-suit. Nor has InVue plausibly pled that MTI had either pre- or post-

suit knowledge of infringement of the patents-in-suit. Instead, it merely speculates and makes unsubstantiated attorney argument, which is insufficient under *Iqbal* and *Twombly*.

## V.    CONCLUSION

For the above-stated reasons, MTI requests that the Court grant this renewed motion and dismiss InVue's Amended Complaint for failing to state a claim upon which relief can be granted under the standards set forth in *Iqbal* and *Twombly*.

Dated: May 22, 2019

s/ Brenna K. Legaard
Brenna K. Legaard, OSB# 001658
blegaard@schwabe.com
SCHWABE WILLIAMSON & WYATT
PacWest Center
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981

THOMPSON COBURN LLP

Alan H. Norman (*Pro Hac Vice*)
David B. Jinkins (*Pro Hac Vice*)
Steven E. Garlock (*Pro Hac Vice*)
Matthew A. Braunel (*Pro Hac Vice*)
One US Bank Plaza
St. Louis, MO 63101
P: (314) 552-6000
F: (314) 552-7000
anorman@thompsoncoburn.com
djinkins@thompsoncoburn.com
sgarlock@thompsoncoburn.com
mbraunel@thompsoncoburn.com

***Attorneys for Plaintiff Mobile Tech, Inc.***