Scott E. Davis, OSB# 022883
scott.davis@klarquist.com
John D. Vandenberg, OSB# 893755
john.vandenberg@klarquist.com
Kristin L. Cleveland, OSB# 001318
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone: 503-595-5300

*Attorneys for Plaintiff*
INVUE SECURITY PRODUCTS INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| INVUE SECURITY PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> MOBILE TECH, INC. d/b/a Mobile Technologies Inc. and MTI, formerly known as Merchandising Technologies Inc., <br><br> Defendant. | Civil Case No.: 3:19-cv-00407-SI <br><br> **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

# TABLE OF CONTENTS

Page

I.     LEGAL STANDARD ...................................................................................................... 1

II.    ARGUMENT ................................................................................................................. 2

    A.     The Amended Complaint States A Claim
          For Direct Patent Infringement (Counts 1 And 4) .................................................. 3

    B.     The Amended Complaint States A Claim For Willful Infringement
          And Enhanced Damages Under 35 U.S.C. § 284 (Counts 1-6) ............................. 8

    C.     The Amended Complaint States Claims Of
          Indirect Patent Infringement (Counts 2, 3, 5 and 6) ........................................... 14

III.   CONCLUSION ............................................................................................................. 19

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adidas Am., Inc. v. Skechers USA, Inc.*,
    2017 U.S. Dist. LEXIS 89752 (D. Or. June 12, 2017) ............................................ 5, 9, 15, 18

*Alacritech Inc. v. Centurylink, Inc.*,
    2017 U.S. Dist. LEXIS 155687 (E.D. Tex. Sep. 4, 2017) .................................................... 16

*Anza Tech., Inc. v. Novatel Wireless, Inc.*,
    2016 U.S. Dist. LEXIS 155046 (S.D. Cal. Nov. 4, 2016) ...................................................... 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... Passim

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... Passim

*Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*,
    267 F. Supp. 3d 499 (D. Del. 2017) ..................................................................................... 10

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
    2017 U.S. Dist. LEXIS 1243 (S.D.N.Y. Jan. 4, 2017) ......................................................... 11

*C&F Packing Co., Inc. v. IBP, Inc.*,
    224 F.3d 1296 (Fed. Cir. 2000) ............................................................................................. 1

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*,
    2016 U.S. Dist. LEXIS 115594 (D. Nev. Aug. 29, 2016) ..................................................... 13

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) .......................................................................................................... 14

*Conley v. Gibson*,
    355 U.S. 41 (1957) .................................................................................................................. 5

*Cont'l Circuits LLC v. Intel Corp.*,
    2017 U.S. Dist. LEXIS 23842 (D. Ariz. Feb. 21, 2017) ....................................................... 17

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) .................................................................................................. 1

*DermaFocus LLC v. Ultera, Inc.*,
    201 F. Supp. 3d 465 (D. Del. 2016) ................................................................................... 9, 11

*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
    363 F.3d 1263 (Fed. Cir. 2004)..................................................................... 14

*Eon Corp. IP Holdings LLC v. FLO TV Inc.,*
    802 F. Supp. 2d 527 (D. Del. 2011)....................................................... 17, 18

*Finjan, Inc. v. Cisco Sys.,*
    2017 U.S. Dist. LEXIS 87657 (N.D. Cal. June 7, 2017) ....................... 10

*Finjan, Inc. v. ESET, LLC,*
    2017 U.S. Dist. LEXIS 40784 (S.D. Cal. 2017) ...................................... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
    136 S. Ct. 1923 (2016)..................................................................... Passim

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012)............................................................... 3

*Intellicheck Mobilisa, Inc. v. Honeywell Int'l, Inc.,*
    2017 U.S. Dist. LEXIS 193618 (W.D. Wash. Nov. 21, 2017) .............. 15

*Kyowa Hakka Bio, Co. Ltd. v. Ajinomoto Co.,*
    2018 U.S. Dist. LEXIS 22392 (D. Del. Feb. 12, 2018) ........................ 10

*Lippert Components Mfg. v. MOR/ryde Inc.,*
    2018 U.S. Dist. LEXIS 4126 (N.D. Ind. Jan. 10, 2018) ....................... 18

*Lochner Techs., LLC v. AT Labs Inc.,*
    2012 U.S. Dist. LEXIS 92924 (E.D. Tex. July 3, 2012) ....................... 16

*Nalco Co. v. Chem-Mod, LLC,*
    883 F.3d 1337 (Fed. Cir. 2018) .............................................................. 3

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ............................................................. 5, 15

*Preferential Networks IP, LLC v. AT&T Mobility, LLC,*
    2017 U.S. Dist. LEXIS 140979 (E.D. Tex. July 15, 2017).................... 10

*Progme Corp. v. Comcast Cable Communs. LLC,*
    2017 U.S. Dist. LEXIS 182484 (E.D. Pa. Nov. 3, 2017) ...................... 12

*Promos Techs., Inc. v. Samsung Elecs. Co.,*
    2018 U.S. Dist. LEXIS 186276 (D. Del. Oct. 31, 2018) ...................... 5, 6

*Radware Ltd. v. A10 Networks, Inc.*,
   2013 U.S. Dist. LEXIS 136942 (N.D. Cal. Sep. 24, 2013) ............................................. 17, 18

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*,
   2018 U.S. Dist. LEXIS 209132 (D. Del. Dec. 12, 2018) ........................................................ 14

*Shroyer v. New Cingular Wireless Servs.*,
   622 F.3d 1035 (9th Cir. 2010) ................................................................................................ 5

*Software Research, Inc. v. Dynatrace LLC*,
   316 F. Supp. 3d 1112 (N.D. Cal. 2018) ................................................................................... 7

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ................................................................................................ 1

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ......................................................................................... 1, 17

**Statutes**

35 U.S.C. § 284 ................................................................................................................... 8

35 U.S.C. § 271 ............................................................................................................. 3, 14

**Rules**

Fed. R. Civ. P. 8 ......................................................................................................... Passim

Fed. R. Civ. P. 12 ....................................................................................................... Passim

Fed. R. Civ. P. 15 ............................................................................................................ 19

iv

Plaintiff, InVue Security Products, Inc. ("Plaintiff" or "InVue"), submits this Memorandum of Law in Opposition to Defendant, Mobile Tech, Inc.'s ("Defendant" or "MTI") Motion To Dismiss Plaintiff's First Amended Complaint. (ECF No. 23.) For the reasons more fully stated herein, InVue respectfully requests that the Court deny Defendant's Motion to Dismiss and permit all claims in the First Amended Complaint (ECF No. 21) to proceed and be adjudicated upon the merits.

## I.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Courts apply the law of the regional circuits, rather than that of the Federal Circuit, to procedural issues arising in a patent case such as those presented by a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *C&F Packing Co., Inc. v. IBP, Inc.,* 224 F.3d 1296, 1306 (Fed. Cir. 2000). In the Ninth Circuit, when evaluating a Rule 12(b)(6) motion to dismiss the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . ." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Instead, Rule 8(a)(2) requires

only that the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 555 (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly,* 550 U.S. at 556). The plausibility standard does not require proof of probability in a complaint but, instead, simply requires "more than a sheer possibility." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## II.     ARGUMENT

InVue and MTI have been engaged in patent litigation related to their retail security products in federal district courts since, at least, December 2015. (*See, e.g.,* Am. Compl. ¶ 36, ECF No. 21.) MTI has systematically filed Rule 12(b)(6) motions against every InVue pleading in every litigation between the parties as a matter of course.[1] The present Motion to Dismiss is no different and represents the second Rule 12(b)(6) motion filed in this case. (*See* Motion to Dismiss, ECF No. 7.) Through the present Motion, MTI seeks the dismissal of all causes of action asserted by Plaintiff in the above-captioned matter. However, MTI's Motion fails to advance any argument which could conceivably justify the dismissal of all claims asserted in the Amended Complaint. MTI's present Motion to Dismiss is more appropriately viewed as a source

---

[1] *See* Motion to Dismiss, ECF No. 7. *See also* Motion to Dismiss, *InVue Security Product Inc. v. MTI*, No. 3:15-cv-00610-MOC-DSC (W.D.N.C. Feb. 1, 2016), ECF No. 19; Motion to Dismiss, *InVue Security Product Inc. v. MTI*, No. 3:15-cv-00610-MOC-DSC, ECF No. 25 (W.D.N.C. Mar. 11, 2016); Motion to Dismiss, *MTI v. InVue*, 3:18-cv-00052-RJC-DSC (W.D.N.C. Feb. 16, 2018), ECF No. 52.

of delay, rather than a genuine assertion that MTI lacks fair notice of InVue's claims and the grounds upon which they rest.

As more fully set forth herein, Plaintiff's Amended Complaint contains more than the factual and legal allegations required by Rule 8 and conforms to the guidance of *Twombly/Iqbal* for the application of that standard. As such, Defendant's Motion to Dismiss (ECF No. 23) should be denied.

### A. The Amended Complaint States A Claim For Direct Patent Infringement (Counts 1 And 4)

To establish a claim for direct patent infringement, a plaintiff must show that a person or entity "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). A plaintiff is not required to "prove its case at the pleading stage." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (citation omitted). A complaint need only place the "potential infringer . . . on notice of what activity . . . is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citation omitted).

A review of InVue's Amended Complaint reveals that it contains well-pleaded facts, which if accepted as true and construed in the light most favorable to InVue, "state a claim to relief [based upon direct patent infringement] that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Particularly, InVue has pled facts regarding its ownership of U.S. Patent Nos. 9,830,787 and 10,055,954 ("patents-in-suit") (*see* Am. Compl., ECF No. 21, ¶¶ 1 and 13); has attached both patents-in-suit to the Amended Complaint (*see* Exhibits A and B, ECF Nos. 21-1, 21-2); has alleged facts regarding Defendant's unauthorized manufacture, use or importation of products that are embodiments of the patents-in-suit (*see* Am. Compl. ¶¶ 15-23,

25-27 and 67-69); has alleged facts identifying the specific products made, offered for sale, sold or imported by MTI (the "Accused Products") that directly infringe the patents-in-suit (*see id.* ¶¶ 15-20); has identified at least one claim of each of the patents-in-suit that is directly infringed by Defendant's Accused Products (*see id.* ¶¶ 26 and 68); and has alleged facts regarding how the Accused Products fall within the scope of at least one claim of each of the patents-in-suit (*see id.* ¶¶ 27 and 69).

InVue's Amended Complaint provides the "short and plain statement" of direct infringement required by Rule 8. It contains legal and factual allegations that unquestionably surpass "an unadorned, the-defendant unlawfully harmed-me accusation" that was condemned by the Court in *Iqbal* and states a claim for direct patent infringement that is plausible on its face. *Cf. Iqbal* 556 U.S. at 678.

Notwithstanding the fact that InVue's Amended Complaint contains detailed factual allegations which satisfy the applicable pleading standard and give fair notice of the basis for InVue's claims of direct infringement, MTI seeks to dismiss all of InVue's claims for direct patent infringement.[2] (*See* Def's Motion at 5-7, ECF No. 23.) MTI has acknowledged that InVue specifically identified MTI products that infringe InVue's patents. (*Id.* at 6 (*citing* Am. Compl. ¶ 16).) However, MTI asserts that all of InVue's claims for direct infringement must be dismissed because InVue has supposedly failed to allege facts sufficient "to put MTI on notice of which products are being accused" because "[i]t is unclear whether InVue alleges that MTI's AirTether infringes the claims by itself, or whether it is the entirety of the Freedom Micro products that

---

[2] Actually, MTI seeks dismissal of the entire Complaint based on its arguments regarding InVue's allegations of direct infringement. (*See* Def's Motion at 9, ECF No. 23 (arguing indirect infringement claims must also fail because such rely on InVue's direct infringement claims).)

allegedly infringe." (*Id.* at 6-7.) MTI's argument feigns confusion over a self-contrived lack of clarity that, regardless, would not warrant dismissal under Rule 12(b)(6).

A motion to dismiss "may be granted <u>only</u> when there is <u>no</u> cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief." *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 U.S. Dist. LEXIS 89752, at *2 (D. Or. June 12, 2017) (citing *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010)) (emphasis added). Thus, a motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff <u>can prove no set of facts</u> in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) (emphasis added). In the present case, MTI concedes that InVue specifically identified several MTI products that directly infringe InVue's patents, including the Freedom Micro, Round Freedom Micro and Freedom Micro DI (the "Freedom Micro" products). (Def's Motion at 5-6 (citing Am. Compl. at ¶ 16).) Having conceded that InVue pled facts sufficient to state a facially plausible claim of direct infringement with respect to at least one of the Freedom Micro products, MTI's Motion fails because the Amended Complaint states at least one set of facts upon which InVue can prevail on a claim of direct infringement. *See Promos Techs., Inc. v. Samsung Elecs. Co.*, Civil Action No. 18-307-RGA, 2018 U.S. Dist. LEXIS 186276, at *7 (D. Del. Oct. 31, 2018) ("[P]roviding specific examples of at least one product … and specific examples of the class of products … [is] sufficient to satisfy the pleading requirements under Rule 12(b)(6)") (citation omitted). For this reason alone, MTI's Motion to Dismiss must be denied. While the analysis of MTI's argument related to the direct infringement claims should end here, InVue will nevertheless specifically address MTI's argument that its motion should be granted because MTI is purportedly confused

over whether InVue is accusing a part–MTI's AirTether–of its Freedom Micro Product of infringement.

As noted above, MTI urges the Court to dismiss all direct infringement claims because InVue allegedly did not "clarify" which MTI products infringe the patents-in-suit. (Def's Motion at 6.) The purported lack of clarity relates only to MTI's "AirTether" product. (*Id.* at 5-7.) Assuming, *arguendo*, that the Amended Complaint is unclear with respect to MTI's "AirTether," an alleged lack of clarity with respect to only one of several specifically identified infringing products does not constitute a failure to plead <u>any</u> facially plausible claim for relief so as to justify dismissal under Rule 12(b)(6). Furthermore, the extent to which accused products must be identified is case specific and the pleading standards can be satisfied by simply identifying <u>a single</u> exemplar product. *Promos Techs., Inc.,* 2018 U.S. Dist. LEXIS 186276, at *7.

Within the Ninth Circuit, courts have held that accused products need only be identified "as to adequately put the defendant on notice of the claims against it." *Anza Tech., Inc. v. Novatel Wireless, Inc.*, No. 3:16-cv-00585-BEN-AGS, 2016 U.S. Dist. LEXIS 155046, at *11-12 (S.D. Cal. Nov. 4, 2016). MTI's contention that the Amended Complaint fails to allege facts sufficient "to put MTI on notice of which products are being accused" because "[i]t is unclear whether InVue alleged that MTI's AirTether infringes the claims by itself or whether it is the entirety of the Freedom Micro products that allegedly infringe" is ill-founded. (Def's Motion at 7.) MTI's own argument shows that MTI is fully aware that "MTI's AirTether is just a portion of the Accused Products." (*Id.* at 6.) Significantly, in the only case cited by MTI to support its argument, the court found that the pleadings sufficiently identified the accused products where it appeared the defendant knew what the plaintiff was "talking about" and the defendant failed to make "a convincing showing that it cannot defend th[e] suit without greater specificity in the

[complaint]." *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1117 (N.D. Cal. 2018). The same conclusion should be reached here.

Despite claiming lack of notice and clarity, MTI plainly admits that it recognizes the purpose of its AirTether and its relationship to the infringing Freedom Micro products. MTI thus has fair notice that InVue is not asserting that the AirTether, standing alone, infringes the patents-in-suit. (Def's Motion at 6 ("MTI's AirTether is … a portion of the Freedom Micro products").) Furthermore, the Amended Complaint includes allegations regarding the fact that the AirTether is used with the infringing Freedom Micro products. (*See* Am. Compl at ¶ 15 ("MTI has used various names for these infringing [Freedom Micro] products . . . all of which may be configured to employ various tethers including the 'AirTether' and 'SteelTether'").) While MTI may try to manufacture ambiguity from Paragraph 20 of the Amended Complaint, solely for the purpose of making this Motion, the allegations of Paragraph 15 of the Amended Complaint and MTI's own admissions unequivocally establish that MTI is aware of the basis for InVue's direct infringement claims and aware of the association of the AirTether to the infringing Freedom Micro products. It is unreasonable to believe or assert that MTI does not have more than "fair notice" of the claims that are being asserted and the products at issue. *See Iqbal*, 556 U.S. at 669 (determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

InVue's Amended Complaint contains factual detail which satisfies the applicable pleading standards and gives fair notice to MTI of the basis for InVue's claims of direct infringement. MTI has fair notice of the infringing products at issue and has failed to make any showing that it cannot defend itself without greater specificity regarding the infringing products.

For these reasons, MTI's Motion to Dismiss InVue's claims of direct patent infringement must be denied.

### B. The Amended Complaint States A Claim For Willful Infringement And Enhanced Damages Under 35 U.S.C. § 284 (Counts 1-6)

Section 284 "contains no explicit limit or condition" for awarding damages. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931 (2016). Nevertheless, MTI asserts that InVue's claims for willful infringement and enhanced damages under 35 U.S.C. § 284 must be dismissed because InVue has not "sufficiently pled egregious/willful conduct on the part of MTI … [or] pled pre-suit knowledge of the patents-in-suit." (Def's Motion at 8.) InVue's Amended Complaint contains factual detail which satisfies the applicable pleading standards and plausibly states a claim for willful infringement. For these reasons, MTI's Motion to Dismiss must be denied.

*Knowledge of the Patents-in-Suit*—InVue's allegations as to MTI's knowledge of the patents-in-suit can be divided into two categories: First, InVue has pled MTI's knowledge of the patents-in-suit before the original Complaint (ECF No. 1) was filed. (*See, e.g.*, Am. Compl. at ¶¶ 34-37, 49.) Second, InVue has pled MTI's knowledge of the patents-in-suit as a result of the filing of the original Complaint. (*See* Am. Compl. at ¶¶ 31, 38, 55, 73, 79, 97.)

As to pre-suit knowledge, InVue has pled facts (which the Court must accept as true and construe in favor of InVue) detailing specific circumstances from which the Court may draw the reasonable inference that MTI had knowledge of the patents-in-suit. As discussed in further detail herein (*see infra* Section II (C)), InVue's allegations from which MTI's "pre-suit" knowledge of the patents-in-suit can be inferred by the Court, include that the parties have been involved in continuous and multiple litigations since at least December 15, 2015 (s*ee, e.g.,* Am. Compl. at ¶ 34), that these prior and ongoing litigations involve the same type of products at

issue in the present action, retail security systems (*see, e.g., id.* at ¶ 36), that the parties are engaged in ongoing post-grant proceedings before the United States Patent and Trademark Office (*see, e.g., id.* at ¶ 35), and the parties are competitors in the marketplace (*see, e.g., id.* at ¶ 36). Considering the years of ongoing patent litigation between the parties, which involve the same type of products at issue in the present case, the Court may rely on these facts to draw the reasonable inference that MTI monitored InVue's patents and had knowledge of the patents-in-suit before InVue's original complaint was filed. (*See, e.g., id.* at ¶¶ 37, 49.)

As to post-filing knowledge, InVue has pled that the filing of the original Complaint gave MTI knowledge of the patents-in-suit and that MTI's continuing infringement thereafter constitutes willful infringement. (*See* Am. Compl. at ¶¶ 31, 32, 38, 49, 55, 65, 73, 74, 80, 91, 97, 107.) *DermaFocus LLC v. Ultera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016) (denying a motion to dismiss willfulness allegations based on post-filing conduct and noting *Halo*'s less rigid standard); *Finjan, Inc. v. ESET, LLC*, 2017 U.S. Dist. LEXIS 40784, at *10-11 (S.D. Cal. 2017) (denying a motion to dismiss willfulness allegations based on continued infringement post-filing of the Complaint).

MTI's failure to address the adequacy of InVue's willfulness allegations based on MTI's continued infringement after filing the original Complaint is fatal. A Rule 12(b)(6) motion "may be granted <u>only</u> when there is <u>no</u> cognizable legal theory to support the claim." *Adidas*, 2017 U.S. Dist. LEXIS 89752, at *2 (citation omitted, emphasis added). Because InVue's allegations of willful infringement are cognizable based on MTI's post-filing knowledge, MTI's motion should be denied.

***Egregious Conduct***—Next, MTI asserts that InVue's claims of willful infringement must fail because facts establishing "egregious conduct" must be pled for a willful infringement claim

to survive a Rule 12(b)(6) motion. While some courts have required allegations of "egregious conduct" at the pleadings stage, this requirement is wholly inconsistent with the Supreme Court's recognition that "[t]here is 'no precise rule or formula' for awarding damages under § 284." *Halo*, 136 S. Ct. at 1932. *See also Finjan, Inc. v. Cisco Sys.*, No. 17-cv-00072-BLF, 2017 U.S. Dist. LEXIS 87657, at *10 (N.D. Cal. June 7, 2017) ("*Halo* . . . clearly stated that district courts are not bound by any rigid formula or set of factors" with respect to awarding enhanced damages."). In fact, the Supreme Court did not indicate in *Halo* that "egregious conduct" was an essential element for an award of enhanced damages. Rather, the Supreme Court indicated only "that such damages are <u>generally</u> reserved for egregious cases of culpable behavior." *Halo*, 136 S. Ct. at 1932 (emphasis added). *See also Preferential Networks IP, LLC v. AT&T Mobility, LLC*, No. 2:16-cv-01374-JRG-RSP, 2017 U.S. Dist. LEXIS 140979, at *10 (E.D. Tex. July 15, 2017) ("While enhanced damages need not follow a finding of egregious misconduct, they should generally be reserved for cases typified by willful misconduct."). Simply stated, the express language of *Halo* provides that enhanced damages may generally be, but are not always, reserved for egregious cases.

An award of enhanced damages is always based on "the particular circumstances of each case." *Halo*, 136 S. Ct. at 1933. Conduct warranting enhanced damages has been "<u>variously described</u> . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant or –indeed–characteristic of a pirate." *Id* at 1932 (emphasis added). Accordingly, based on the absence of a precise rule or formula for awarding enhanced damages, courts have held that "[a]t the pleading stage, it is not necessary to show that the case is egregious." *Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017) (citing *Halo*, 136 S. Ct. at 1934). *See also Kyowa Hakka Bio, Co. Ltd. v. Ajinomoto Co.*, No. 17-313, 2018 U.S. Dist.

LEXIS 22392, at *35 (D. Del. Feb. 12, 2018) ("[E]ven after *Halo*, broader allegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss."); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016) ("Under the less rigid standard announced in *Halo*, . . . the court will allow plaintiff's general allegations of willful infringement to withstand the motion to dismiss."); *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), 2017 U.S. Dist. LEXIS 1243, at *12 (S.D.N.Y. Jan. 4, 2017) ("At a minimum, the discretion that *Halo* confers on district courts to award enhanced damages based on the nature of the specific misconduct in a given case counsels hesitation before dismissing allegations of willfulness at the pleading stage."). For these reasons, MTI's contention that InVue must establish "egregious conduct" at the pleading stage fails and the Motion to Dismiss the claims of willful infringement and enhanced damages must be denied.

Furthermore, InVue's Amended Complaint states a claim for willful infringement that is plausible on its face. The Amended Complaint contains specific allegations of fact related to MTI's conduct which, when accepted as true and construed in a light most favorable to InVue, allow the Court to draw the reasonable inference that MTI's actions constitute one or more of the "variously described" categories of behavior that warrant an award of enhanced damages. *Halo*, 136 S. Ct. at 1932. For instance, InVue has alleged that the parties have been involved in continuous and multiple litigations since at least December 15, 2015, that these prior and ongoing litigations involve the same type of products at issue in the present action (retail security systems), that the parties are engaged in ongoing post-grant proceedings before the United States Patent and Trademark Office, and the parties are competitors in the marketplace. Given the longstanding and ongoing litigation between InVue and MTI, involving the same type of products at issue in this case and which is disclosed in the patents-in-suit, it is reasonable for the

Court to infer that MTI had knowledge of the patents-in-suit through monitoring InVue's patents and patent applications related to retail security systems and despite this knowledge has engaged in and continues to engage in the willful, deliberate, and consciously wrongful behavior of infringing the patents-in-suit by making, using, selling and offering to sell the Accused Products. (*See, e.g.,* Am. Compl. at ¶¶ 34-27 and 49.) At a minimum, the Court can infer from these facts that MTI's infringement has been and continues to be in conscious disregard of InVue's patent rights. Each of these plausible inferences plausibly support InVue's claims for willful infringement and enhanced damages. *See Halo*, 136 S. Ct. at 1932 ("[C]onduct warranting enhanced damages has been . . . described . . . as . . . consciously wrongful"). For these reasons, InVue has pled facts sufficient to plausibly state a claim for willful infringement and enhanced damages, and MTI's Motion to Dismiss must be denied.

MTI asserts that the Supreme Court's decision in *Halo* changed the law such that facts specifically supporting egregiousness must be specifically pled. (Def's Motion at 23.) However, as already stated above, continued post-filing infringement has been found sufficient to support a willful infringement claim at the pleadings stage even after *Halo. See Progme Corp. v. Comcast Cable Communs. LLC*, Civil Action No. 17-1488, 2017 U.S. Dist. LEXIS 182484vat *12 (E.D. Pa. Nov. 3, 2017) (declining to dismiss a post-suit willful infringement claim, based on the facts that the defendant has had knowledge of the patent and "persisted in its alleged infringement[,]" as "further development of the record [could yield] evidence of egregious conduct"). InVue's allegations of continued infringement by MTI following the filing of the original Complaint are sufficient state a claim for willful infringement and enhanced damages that are facially plausible. For this reason, MTI's Motion to Dismiss must be denied.

In an effort to conjure up support for its Motion, MTI suggests that the present case is analogous to *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, No. 2:16-cv-00857-RCJ-VCF, 2016 U.S. Dist. LEXIS 115594, at *44 (D. Nev. Aug. 29, 2016). (*See* Def's Motion at 8.) The facts of *CG Technology* are readily distinguishable and far from analogous to those in the present case. In *CG Technology* the court found that the plaintiff failed to state a claim for willful infringement under *Halo* because the plaintiff "invok[ed] the requirements of *Seagate* . . . [but] allege[d] no facts to support their legal theory." *Id.* at *44 (emphasis added). As detailed above, unlike the plaintiff in *CG Technology*, InVue has pled specific facts from which the Court can infer that MTI's infringement has been and continues to occur with conscious disregard for InVue's patent rights. Such facts are sufficient to state a claim for willful infringement that is facially plausible.

Additionally, MTI suggests InVue's claims of willful infringement are insufficient because the Amended Complaint appears to be "based . . . on the no-longer-applicable *Seagate* test, which was overruled by the Supreme Court in *Halo*." (Def's Motion at 8.) However, MTI's argument is misleading and immaterial. The Supreme Court did not create a higher pleading standard for willful infringement in *Halo*. Rather, the Supreme Court found the standard enumerated in *Seagate* to be "unduly rigid, and . . . [to] impermissibly encumber[ ] the statutory grant of discretion to district courts." *Halo*, 136 S. Ct. at 1932. MTI fails to cite any authority to suggest that claims meeting this prior "unduly rigid" standard automatically fail to meet the post *Halo* pleading standard. Any such blanket and indiscriminate holding could violate the Supreme Court's directive that an award of enhanced damages is always based on "the particular circumstances of each case." *Id.* at 1933.

InVue's Amended Complaint contains factual detail which satisfies the applicable pleading standards and includes facts sufficient to state a facially plausible claim for willful

infringement and enhanced damages. For these reasons, MTI's Motion to Dismiss InVue's claims of willful infringement must be denied.

### C. The Amended Complaint States Claims Of Indirect Patent Infringement (Counts 2, 3, 5 and 6)

Indirect infringement, whether induced infringement or contributory infringement, can only arise in the presence of direct infringement. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). MTI first asserts that InVue's claims for indirect infringement must be dismissed because InVue has failed to state a cause of action for direct infringement. (Def's Motion at 9.) As detailed above, InVue's allegations of direct infringement meet the requirements of Rule 8 and *Twombly/Iqbal*. Therefore, MTI's request for dismissal on this basis should be rejected.

Next, MTI complains of the sufficiency of the facts pled by InVue regarding MTI's knowledge of the patents-in-suit. Under 35 U.S.C. § 271(b) and § 271(c), both induced and contributory infringement "require[ ] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928 (2015). InVue's allegations as to MTI's knowledge of the patents-in-suit can be divided into two categories: First, InVue has pled MTI's knowledge of the patents-in-suit before the original Complaint (ECF No. 1) was filed. (*See, e.g.*, Am. Compl. at ¶¶ 34-37, 49.) Second, InVue has pled MTI's knowledge of the patents-in-suit as a result of the filing of the original Complaint. (*See id.* at ¶¶ 31, 38, 55, 73, 79, 97.)

Beginning with the latter, MTI effectively admits that InVue's original Complaint was sufficient to provide the requisite knowledge of the patents-in-suit for the purposes of stating a claim for indirect infringement occurring after the original Complaint was filed. (*See* Def's Motion at 10 (citing *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, Civil Action No. 17-

1692-CFC-SRF, 2018 U.S. Dist. LEXIS 209132, at *48 (D. Del. Dec. 12, 2018)).) Indeed, "[t]he majority of district courts have held that post-suit knowledge satisfies the knowledge element for indirect infringement." *Intellicheck Mobilisa, Inc. v. Honeywell Int'l, Inc.*, No. C16-0341JLR, 2017 U.S. Dist. LEXIS 193618, at *32 (W.D. Wash. Nov. 21, 2017) (citations omitted). MTI's admission here is unsurprising given that InVue has repeatedly alleged that MTI had knowledge of the patents-in-suit at least since being served with the original complaint. (*See* Am. Compl at ¶¶ 31, 38, 55, 73, 79, 97.) But more importantly, as a result of its admission, MTI has failed to show "beyond doubt that . . . [InVue] can prove no set of facts in support of . . . [its indirect infringement] claim which would entitle [InVue] to relief." *Navarro*, 250 F.3d at 732 (citation omitted). In other words, because the filing of the original Complaint was sufficient to provide knowledge, InVue's indirect infringement claim is properly pled regardless of whether InVue properly alleged pre-filing knowledge. For this reason alone, MTI's Motion to Dismiss InVue's indirect infringement claims should be denied.

Despite effectively admitting that InVue's original Complaint is sufficient to satisfy the knowledge element for the indirect infringement, MTI would have the Court nevertheless dismiss the Amended Complaint to the extent it states any "pre-suit" indirect infringement claims. (Def's Motion at 9.) Through this argument, MTI suggests that a Rule 12(b)(6) motion can and should be used to parse InVue's adequately pled indirect infringement claim into two separate claims, "pre-suit" indirect infringement and "post-filing" indirect infringement. To the contrary, "pre-suit" and "post-filing" indirect infringement are not separate claims for purposes of a motion to dismiss. Regardless, parsing a claim through a Rule 12(b)(6) motion is improper and violates the well-established principle that a 12(b)(6) motion "may be granted <u>only</u> when there is <u>no</u> cognizable legal theory to support the claim." *Adidas*, 2017 U.S. Dist. LEXIS 89752,

at *2 (citation omitted, emphasis added). Consistent with the limited scope and purpose of a Rule 12(b)(6) motion, courts have found that the absence of an allegation of "pre-suit" knowledge is not a basis to dismiss an indirect infringement claim where knowledge of the patent(s)-in-suit is alleged "for at least some time during the infringing period." *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242-JRG, 2012 U.S. Dist. LEXIS 92924, at *10 (E.D. Tex. July 3, 2012). *See also Alacritech Inc. v. Centurylink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 155687, at *9 (E.D. Tex. Sep. 4, 2017) (finding that "pre-suit" and "post-filing" indirect infringement claims are not separate for purposes of a motion to dismiss). The Court should decline to parse InVue's adequately pled indirect infringement claim and deny MTI's Motion to Dismiss.

Even if the Court is inclined to parse the indirect infringement claim into "pre-suit" and "post-filing" indirect infringement at the pleadings stage, MTI's Motion must be denied because the Amended Complaint contains factual allegations which are sufficient to enable the Court to reasonably infer that MTI had knowledge of the patents-in-suit before the filing of InVue's original complaint. More specifically, InVue's allegations, from which "pre-suit" knowledge can be inferred by the Court, include the fact that the parties have been involved in continuous and multiple litigations since at least December 15, 2015 (s*ee, e.g.,* Am. Compl. at ¶ 34), that these prior and ongoing litigations involve the same type of products at issue in the present action, retail security systems (*see, e.g., id.* at ¶ 36), that the parties are engaged in ongoing post-grant proceedings before the United States Patent and Trademark Office (*see, e.g., id.* at ¶ 35), and the parties are competitors in the marketplace (*see, e.g., id.* at ¶ 36). Considering the history of ongoing patent litigation between the parties for a period several years, which involve the same type of products at issue in the present case, the Court may draw the reasonable inference that

MTI monitored InVue's patents and patent applications and therefore, had knowledge of the patents-in-suit before InVue's original complaint was filed. (*See, e.g., id.* at ¶¶ 37, 49.)

MTI attempts to avoid these well-pleaded facts by mischaracterizing them as "unsubstantiated attorney argument" that amounts to "guessing or speculating that MTI had knowledge of the patent." (Def's Motion at 11-12.) MTI's argument fails as a matter of law because "knowledge of the patents may be proven by either direct or circumstantial evidence." *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 U.S. Dist. LEXIS 23842, at *21 (D. Ariz. Feb. 21, 2017) (citations omitted). In reality, MTI's argument is merely a disguised request that the Court disregard its obligation to accept InVue's well-pled material facts as true and construe them in the light most favorable to the plaintiff for the purpose of this 12(b)(6) motion. *See Wilson,* 668 F.3d at 1140. On yet another Rule 12 motion, MTI asks the Court make impermissible factual determinations and reject InVue's allegations rather than accepting the allegations as true. The Court should, instead, reject MTI's invitation to apply an improper Rule 12(b)(6) standard. InVue is not guessing or speculating with respect to MTI's knowledge of the patents-in-suit. Rather, InVue has pled specific facts which detail circumstances that the Court must accept as true and construe in favor of InVue. From these facts, the Court may draw the reasonable inference that MTI had pre-suit knowledge of the patents-in-suit.

MTI has cited several cases in an effort to support its arguments. All of these cases are distinguishable from and inapplicable to the specific facts of the present case. For example, in both *Radware Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2013 U.S. Dist. LEXIS 136942 (N.D. Cal. Sep. 24, 2013) and *Eon Corp. IP Holdings LLC v. FLO TV Inc.,* 802 F. Supp. 2d 527, 533 (D. Del. 2011), the courts found that knowledge of the patents-in-suit could not be plausibly inferred from competition <u>alone</u>. Similarly, in *Lippert Components Mfg. v. MOR/ryde*

*Inc.*, No. 3:16-cv-263 RLM-MGG, 2018 U.S. Dist. LEXIS 4126 (N.D. Ind. Jan. 10, 2018), the court found allegations that competitors monitor intellectual property within their industry insufficient to allege pre-suit knowledge of a patent. Unlike the plaintiffs in *Radware, Eon Corp.*, and *Lippert*, InVue has gone beyond just alleging competition alone and/or routine monitoring of patents among competitors. None of the cases cited by MTI involve the relevant factual allegations of continuous and multiple litigations between the parties for several years, involving the same type of products (retail security systems), and ongoing post-grant proceedings before the United States Patent and Trademark Office. These facts plausibly demonstrate circumstances from which the Court could draw the reasonable inference that MTI had knowledge of the patents-in-suit before InVue's original complaint was filed. Dissimilar to the cases cited by MTI, this Court has indicated that "actively monitor[ing] the progress of Plaintiffs' patent applications, so that Defendant would have learned of their issuance when they issued" is a fact from which the Court "may draw the reasonable inference that Defendant knew of the patents-in-suit either when they issued or any time before Plaintiff[ ] filed th[e] lawsuit." *Adidas*, 2017 U.S. Dist. LEXIS 89752, at *11.

InVue's Amended Complaint contains factual detail which satisfies the applicable pleading standards and from which the Court could draw the reasonable inference that MTI had knowledge of the patents-in-suit before the original complaint was filed. Additionally, MTI admits that the original complaint is sufficient to satisfy the knowledge element for indirect infringement claims. For these reasons, MTI's Motion to Dismiss the indirect infringement claims must be denied.

III.   **CONCLUSION**

For the reasons set forth above, InVue's Amended Complaint contains the factual and legal allegations required to comply with Rule 8, and conforms to the guidance of *Twombly/Iqbal.* Plaintiff's Amended Complaint contains sufficient factual and legal allegations to assert causes of action for direct patent infringement, indirect patent infringement and willful patent infringement. As such, MTI's Motion to Dismiss (ECF No. 23) must be denied. In the event the Court may grant any portion of the Motion to Dismiss, InVue should be permitted to, and respectfully requests the opportunity to, file an amended complaint pursuant to Rule 15.

InVue does not request oral argument as it believes this matter can be readily determined by the Court based on the parties respective filings and such would only add unnecessary expense.


This 5th day of June, 2019.

Respectfully submitted,

*s/Scott E. Davis*
Scott E. Davis, OSB# 022883
scott.davis@klarquist.com
John D. Vandenberg, OSB# 893755
john.vandenberg@klarquist.com
Kristin L. Cleveland, OSB# 001318
kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP

*Attorneys for Plaintiff*
INVUE SECURITY PRODUCTS INC.